**Electronically Filed
Supreme Court
SCAD-15-0000495
23-SEP-2015
10:50 AM**

SCAD-15-0000495

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

CYNTHIA LOCK SIMS,
Respondent.

---

ORIGINAL PROCEEDING
(ODC CASE NOS. 13-025-9095, 13-030-9100;
13-051-9121; AND 13-057-9127)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon *de novo* review of the Report and Recommendation of the Disciplinary Board of the Supreme Court of the State of Hawaiʻi, the stipulated facts, and the evidence in the record*,* we conclude by clear and convincing evidence that Respondent Cynthia L. Sims, in four separate client matters, engaged in misconduct warranting discipline.

In Office of Disciplinary Counsel (ODC) Case No. 13-025-9095, Respondent Sims, on May 25, 2012, deposited her client's $3,000.00 advanced fee payment into her business account rather than her client trust account, before performing the agreed-upon legal services described in their written agreement,

thereby commingling the client's funds with her own and misappropriating them for her own use and benefit and engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Rules 1.15(a)(1), 1.15(c), 1.15(d), and 8.4(c) of the Hawaiʻi Rules of Professional Conduct (HRPC) (1994).[1] By depositing the unearned fees into her business account without first providing the client an accounting of how she had earned the funds, Respondent Sims also violated HRPC Rule 1.15(f)(3). By failing to file a motion objecting to the awarding of attorney's fees to the opposing party when asked to do so by the client on August 9, 2012, Respondent Sims violated HRPC Rule 1.3. By failing to withdraw from the representation until September 14, 2012, Respondent Sims violated HRPC Rules 1.3 and 3.2. Docket 3:82-83. Finally, Respondent Sims's failure to timely provide documents requested by ODC in the subsequent investigation, necessitating the issuance of a subpoena, violated HRPC Rules 8.1(b) and 8.4(d).

In ODC Case No. 13–030-9100, when, on May 10, 2013, Respondent Sims deposited the client's $750.00 of unearned advance fees into her business account, before performing the agreed-upon legal services described in their written fee agreement, she commingled the client's funds with her own funds and misappropriated them for her use and benefit, in violation of HRPC Rules 1.15(a)(1), 1.15(c), 1.15(d), and 8.4(c). Between

---

[1] All references in this order to the Hawaiʻi Rules of Professional Conduct refer to the version in effect from 1994 through 2013.

May 30 and June 19, 2012, when Respondent Sims did not promptly respond to the client's inquiries about the status of his divorce proceedings, she violated HRPC Rules 1.4(a) and 1.4(b). By subsequently failing to promptly file with the court the divorce documents, executed on April 27, 2012, Sims violated HRPC Rules 1.3 and 3.2. Finally, by failing to respond to ODC's May 24, 2013 request for documents and information regarding this representation, thereby requiring the issuance on July 24, 2013 of a subpoena and a subpoena duces tecum, Respondent Sims violated HRPC Rules 8.1(b) and 8.4(d).

In ODC Case No. 13-051-9121, when, on June 26, 2012, Respondent Sims cashed the client's $1,250.00 check (representing half of the agreed-upon fee) and, on November 6, 2012, cashed a second check, for $1,500.00, $1,250.00 of which represented the remainder of her advance fee – both times failing to deposit the funds into her client trust account, and before she had performed the agreed-upon legal services, including the preparation of the divorce decree – Respondent Sims misappropriated those funds for her own use and benefit, in violation of HRPC Rules 1.15(a)(1), 1.15(c), 1.15(d), 1.15(f)(3), and 8.4(c). When Respondent Sims failed to respond within a reasonable time to the client's repeated inquiries regarding the status of her divorce proceedings (including the date of service on her husband, when a motion for a default judgment could be entered, and when the divorce decree would be prepared), Respondent Sims violated HRPC Rules 1.4(a) and 1.4(b). When, after divorce proceedings were

initiated in July, 2012, Respondent Sims neglected, over a period of several months, to diligently and timely obtain evidence the client's husband had been successfully served by mail, and failed to prepare updated asset and debt, and income, statements, or to prepare a divorce decree, she violated HRPC Rules 1.3 and 3.2. When, upon termination of the representation on April 8, 2013, Respondent Sims failed to return the client's file, account to the client for unearned client funds, or to refund to the client any unearned funds, Resondent Sims violated HRPC Rules 1.15(f)(3) and 1.16(d). Finally, when Respondent Sims failed to respond to two requests from ODC for information regarding the representation, causing ODC to serve a subpoena upon her on August 28, 2013, she violated HRPC Rules 8.1(b) and 8.4(d).

In ODC Case No. 13-057-9127, when, on December 1, 2011, and on February 29, March 12, and April 13, 2012, Respondent Sims deposited the client's unearned client funds into her business account, rather than her client trust account, at a time when she had not entered an appearance in the client's divorce case or prepared a divorce decree, Respondent Sims thereby commingled client funds with her own and misappropriated them for her personal use and benefit, in violation of HRPC Rules 1.15(a)(1), 1.15(c), 1.15(d), and 8.4(c). After the initiation of the divorce proceedings in December, 2011, Respondent Sims failed to diligently and timely monitor the status of the case for approximately eight months, in violation of HRPC Rules 1.3 and 3.2.

4

We find, in aggravation, that Respondent Sims engaged in a pattern of misconduct, had a dishonest or selfish motive in using unearned client funds for her personal use, committed multiple offenses, had substantial experience in the practice of law, and initially failed to cooperate in the investigation, requiring the use of a subpoena duces tecum. In mitigation, we find Respondent Sims had a clean disciplinary record prior to these matters, made a full and free disclosure to the Disciplinary Board, and exhibited a cooperative attitude toward the disciplinary proceedings. Therefore, it appearing that suspension is appropriate,

IT IS HEREBY ORDERED that Respondent Sims is suspended from the practice of law in this jurisdiction for a period of one year and one day, effective 30 days after the date of entry of this order, as provided by Rules 2.3(a)(2) and 2.16(c) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH).

IT IS FURTHER ORDERED that Respondent Sims shall, as a prerequisite to reinstatement and at her own expense, submit to an audit of the procedures and practices of her legal practice by the Practicing Attorneys' Liability Management Society (PALMS) or an equivalent organization, and shall submit a report to this court in this case and to any review board convened pursuant to RSCH Rule 2.17, setting forth the conclusions of the audit, the steps taken by her to implement any resulting recommendations, and the results of a three-month review following implementation of the recommendations. The audit shall specifically address

5

practices and procedures implemented to comply with the financial and record keeping provisions of the Hawaiʻi Rules of Professional Conduct and the Hawaiʻi Rules Governing Trust Accounting.

IT IS FURTHER ORDERED that, in addition to any other requirements for reinstatement imposed by the Rules of the Supreme Court of the State of Hawaiʻi, Respondent Sims shall pay all costs of these proceedings as approved upon the timely submission of a bill of costs by ODC, as prescribed by RSCH Rule 2.3(c).

IT IS FURTHER ORDERED that Respondent Sims shall, within ten days after the effective date of her suspension, file with this court an affidavit she has fully complied with the duties of a suspended attorney set forth in RSCH Rule 2.16(d).

DATED: Honolulu, Hawaiʻi, September 23, 2015.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

